# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUHJUAN L MILLER,

    Plaintiff

v.

SOUTHWEST GAS CORPORATION, et al.

    Defendants.

Case No. 2:23-cv-00583-CDS-NJK

**REPORT AND RECOMMENDATION**

On April 25, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3. Plaintiff filed a response to the order to show cause. Docket No. 8. Plaintiff's response consists of a bill from Southwest Gas Corporation, a completed IRS Form 1040-V, and a letter indicating that the documents are intended to respond to the Court's order to show cause. *See id.*

Subject matter jurisdiction cannot be waived by any party and the Court has an independent duty to ensure it exists in each case before the Court. *E.g.*, *Rughrgas AG v. Marathon Oil Co.*, 526 U.S 574, 583 (1999). If a court determines it does not have subject matter jurisdiction over a dispute, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has diversity subject matter jurisdiction when a case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

  Plaintiff's proposed complaint invokes this Court's diversity jurisdiction. Docket No. 1-1 at 1. However, the proposed complaint indicates that both Plaintiff and Defendants are citizens of Nevada. *Id.* at 1-2, 4. Plaintiff's response to the order to show cause contains no additional information or allegations regarding Defendant Southwest Gas Corporation's state of incorporation or the location of its principal place of business so as to rebut the citizenship alleged in Plaintiff's complaint. *See* Docket No. 8. The same can be said for Defendant Rob Stefani. *See id.* Plaintiff, therefore, fails to satisfy his burden of showing that this Court has subject matter jurisdiction over the instant case and the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

  Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: May 23, 2023

                   _____
                   Nancy J. Koppe
                   United States Magistrate Judge

## NOTICE

  This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).